IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRO-TECH CORPORATION d/b/a THE | § | |
| PUROLITE COMPANY | § | |
| | § | |
| V. | § | CIVIL NO.  SA-08-CV-0594-XR |
| | § | |
| | § | |
| PURITY WATER COMPANY OF SAN | § | |
| ANTONIO, INC. | § | |

## ORDER

On this date, the Court considered Defendant Purity Water Company of San Antonio, Inc.'s

Motion to Dismiss Without Prejudice or, in the alternative, Motion to Stay Proceedings (docket no.

10) and Plaintiff's Response in Opposition.  Purity moves the Court to dismiss this case for improper

venue under Rule 12(b)(3) or, in the alternative, to stay this case pending the resolution of a state-

court action pending in Alabama that it claims involves many of the same claims and defenses as the

current action.  Plaintiff contends that venue is proper here because Purity resides in this district and

that a stay is not justified.  After careful consideration, the Court denies the motion.

### I. Background

On January 24, 2008, Purolite filed suit against Purity in federal district court in

Pennsylvania, asserting breach of contract and unjust enrichment claims related to Purity's failure

to pay Purolite for approximately 43,420 pounds of PD-206.  On February 22, 2008, Purity filed suit

against nine different defendants, not parties to the Pennsylvania suit (and not Purolite), in state court

in Alabama.  This suit related to the project for which Purity purchased Purolite's PD-206.  On April

16, 2008, the Pennsylvania district court dismissed Purolite's action without prejudice for improper

1

venue because a substantial part of the events or omissions giving rise to Purolite's claims did not

occur in that district.  Purolite then filed this action against Purity on July 22, 2008, asserting

essentially the same claims.  On July 23, 2008, Purity amended its complaint in the Alabama action

to add Purolite as a defendant, alleging breach of contract with respect to the performance of the PD-

206.  Purity now moves to dismiss this action, arguing that venue is not proper here or, in the

alternative, this action should be stayed pending resolution of the Alabama state action.

## II.  Analysis

### A. Motion to Dismiss for Improper Venue

Although Purity does not expressly state the basis for its motion to dismiss, the Court will

presume that the motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28

U.S.C. § 1406(a).[1]  This action is based on diversity jurisdiction, and thus 28 U.S.C. § 1391, the

general venue statute for diversity actions, controls the issue of venue.  That statute provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district where
> any defendant resides, if all defendants reside in the same State, (2) a judicial district
> in which a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant is subject to personal jurisdiction at
> the time the action is commenced, if there is no district in which the action may
> otherwise be brought.

Purolite's Complaint states that venue is proper in this district under § 1391 because "Purity

Water placed orders with Purolite's representatives in this district and contracted with Purolite for

the purchase of the PD-206 within this district."  Complaint ¶ 8.  Purity asserts that no substantial

---

[1]"The district court of a district in which is filed a case laying venue in the wrong division
or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or
division in which it could have been brought."

part of the events or omissions giving rise to the claims occurred in this district, because the salesperson was located in Houston, and the salesperson's role was insignificant in any event. Purity then asserts a number of additional factual arguments concerning where the events and omissions giving rise to the claim occurred.

Purolite asserts that Purity fails to recognize "the obvious basis for venue" in that Purity resides in the Western District of Texas. According to the Complaint, Purity's principal place of business is in San Antonio, and Purity is the only Defendant. Purolite asserts that § 1391(a)(1) provides that venue is proper where any defendant resides, if all defendants reside in the same state, and that Purolite resides in this district.[2]

Plaintiff Purolite is correct that venue is proper in this district under § 1391(a)(1). Purolite's failure to plead this basis for venue in its Complaint does not negate its application. Purity has not filed a reply and has not challenged the relevant venue fact (*i.e.*, its residence), and thus the Court accepts it as true. Further, as Purolite notes, with respect to venue under § 1391(a)(1), it is irrelevant where the event or omissions giving rise to the action occurred. *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Accordingly, venue is proper in this district and Purity's motion to dismiss without prejudice for improper venue is denied.

**B. Motion to Stay**

**1. Applicable Standard – *Colorado River***

It is well established that federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given to them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800,

---

[2] *See* 28 U.S.C. § 1391(c) ("[A] corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

816 (1976).  As a result, the pendency of an action in state court is typically no bar to proceedings concerning the same matter in federal court. *Id.*  There are, however, several exceptions to this general rule.  Purity moves the Court to exercise its inherent discretion to stay this action pending resolution of the state-court action in Alabama.  Although it does not cite to *Colorado River*, the Court finds that it is the applicable standard for determining whether a stay is appropriate because the federal action seeks monetary relief.  *See Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250, 250-51 (5th Cir. 2005) (when the federal suit seeks monetary or other relief the standard found in *Colorado River* is used to determine whether a stay of the federal proceedings is warranted); *see also Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n. 4 (5th Cir. 2002) ("when an action contains any claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable").[3]  Under *Colorado River*, the district court's discretion to stay is "narrowly circumscribed" and requires the existence of "exceptional circumstances" before a stay is permissible.  *See id.*

### 2. Parallel proceedings required

The *Colorado River* abstention doctrine can be applied only when there are parallel proceedings pending in federal and state court. *RepublicBank Dallas, Nat. Ass'n v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir. 1987).  Suits are "parallel" if they "involv[e] the same parties and the same issues." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th

---

[3] The Court finds that *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973), cited by Purolite, is not the appropriate standard, because it dealt only with declaratory and injunctive relief, and did not involve a claim for monetary relief.  *American Home Assur. Co. v. Roxco, Ltd.*, 81 F. Supp. 2d 674, 676-77 (S.D. Miss. 1999) ("the point of *Brillhart* and *PPG* is a recognition of the discretionary power of a federal court to abate an action solely for equitable relief in deference to a parallel state action").

Cir. 1990).

Purity asserts that the actions are parallel because they "are very similar." Most importantly, Purity contends, the contract that is the basis of the cause of action against Purolite in the Alabama action is the same contract Purolite alleges Purity breached in this action. Specifically, Purity was the general contractor for a project to be performed in Mobile County, and Purity utilized Purolite as a subcontractor for that project. Purity argues that its "defenses to Purolite's action against it in this instant action and almost all of the evidence supporting its defenses are deeply embedded in Purity Water's action against the Companies and Purolite in Mobile County."

Purolite denies that the actions are parallel. First, Purolite points out that the parties are not the same because the Alabama suit involves nine additional parties that are not parties here, and that Purolite has no contractual relationship with these parties and has not sued them. Second, Purolite asserts that the Alabama action as pled involves issues "well beyond the primary issue raised in the Texas Action – Purity Water's breach of contract for failing to pay Purolite for the PD-206." Purolite contends that "the claims and defenses made against and by non-parties who had contracted with Purity Water are logically and legally separate and distinct from Purity Water's breach of its contract with Purolite."

This action involves only two parties – Purolite and Purity Water – and includes three claims (breach of contract, conversion, and unjust enrichment), which all stem from Purolite's supplying the PD-206 to Purity Water and Purity's alleged failure to pay. The Alabama action was filed by Purity against Vertex Energy, Inc., Vertex Energy, L.P., Vertex Green Energy, L.P., Optimira Energy, Inc., Edgewater Systems, Green Field Products (Canada), Inc., Renascent Energy, L.L.C., and Purolite. The Alabama action focuses primarily on Purity's contractual relationships with the

defendants other than Purolite.  Count 1 is a breach of contract claim against those defendants.

Count 2 is a claim for goods sold and delivered against those defendants.  Count 3 is a breach of

contract claim against Purolite based on the allegedly deficient performance of SD-206, which Purity

alleges resulted in its not being paid by the other defendants.  Thus, Count 3 involves the same

parties and issues as this federal action, but the other two claims involve defendants and issues

beyond what is present here.  Neither party has cited to any cases discussing whether the two actions

are parallel under such circumstances.[4]  Because the Court concludes that a stay is not justified under

the six-factor analysis, it need not decide whether the actions are in fact parallel.  *See Stewart v.*

*Western Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006) (when abstention prohibited by

*Colorado River* factors, court need not decide whether actions are parallel).

### 3. Six-factor analysis

If the federal and state cases are parallel, the court engages in a multi-factored analysis to

determine whether there are exceptional circumstances warranting a stay of the federal litigation.

There are six factors for determining whether "exceptional circumstances" exist: (1) assumption by

either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of

piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent

federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings

---

[4] Purolite does cite to *Republicbank Dallas Nat'l Assn. v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987), asserting that "[t]he factual scenario presented in the present case is analogous to the facts presented in *McIntosh.*"  However, *McIntosh* is not analogous.  In *McIntosh*, the court noted that the general subject matter of the two actions was the same and they involved a common issue, but found that suits were not parallel because the parties were not the same.  There, the state action was brought by the bank against an Oklahoma limited partnership on the issue of the validity of a mortgage, while the federal action was brought by the bank against the guarantors and involved the guaranty agreement.  Thus, the parties in the two cases were not the same.  In this case, in contrast, the same parties are present in both cases, but the state action involves additional parties and claims.

in protecting the rights of the party invoking federal jurisdiction.  *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006).  "[T]he decision whether to dismiss [or stay[5]] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Id.*  "Abstention from the exercise of federal jurisdiction is the exception, not the rule."  *Colo. River*, 424 U.S. at 813.

> *a. first factor – assumption by court over a res*

This case does not involve any res or property over which any court, state or federal, has taken control.  The absence of this factor is not neutral, however.  *Stewart v. Western Heritage*, 438 F.3d 488, 492 (5th Cir. 2006); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).  Rather, the absence of this first factor weighs against abstention.  *Id.*

> *b. second factor – relative inconvenience of the fora*

The primary focus of this factor is on "physical proximity of the federal forum to the evidence and witnesses."  *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).  The Court must consider the "relative locations of the forums, the location of evidence or witnesses, [and] the availability of compulsory process--the very concerns that make up the 'inconvenience factor.'"  *Id.*  The question in the end is not whether the state forum is a "better" or "more convenient" forum; rather, it is whether the inconvenience of the federal forum is so great that this factor points toward abstention.  *Id.* at 1192.

Purity argues that the Alabama action is more convenient to all of the parties.  Purity asserts

---

[5]The exceptional circumstances test applies regardless of whether the district court dismisses or merely stays a case.  *Am. Guar. & Liab.*, 408 F.3d at 251.

that the parties contracted to deliver goods and to perform a service in Mobile County, the goods failed to perform in Mobile County, the witnesses observed the goods failing to perform in Mobile County, and "[a] majority of the evidence and witnesses are located in Mobile County" in both this action and the Alabama action. Purity's arguments mostly support a conclusion that the Alabama forum is a more convenient forum, and do not demonstrate that this forum is so inconvenient so as to point toward abstention. Given that Purity's principal place of business is in San Antonio, there is a strong likelihood that some witnesses will be located here, and Purity would have a difficult time asserting that this forum would be inconvenient for its own party witnesses. There may be issues with the availability of compulsory process over non-party witnesses, but Purity has not raised this issue. Purolite does not address this factor. Based on the facts presented, the Court finds this factor to be neutral.

     *c. third factor – avoidance of piecemeal litigation*

     The pendency of an action in state court does not bar a federal court from considering the same matter. *Stewart*, 438 F.3d at 492. While duplicative litigation is permitted, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings." *Id.* Purity asserts that pursuing an action in this Court will result in piecemeal litigation. Purolite does not address this factor. The Court will presume without deciding that this factor weighs in favor of a stay.

     *d. fourth factor – order in which jurisdiction was obtained*

     Purolite argues that this factor weighs against a stay because this action was filed first, as Purity did not add Purolite as a defendant to its Alamaba suit until the day after this action was filed. However, this factor "'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Evanston*, 844 F.2d at

1190 (quoting *Moses H. Cone*, 460 U.S. at 21).

Purolite contends that, since the time it filed its action in Alabama on February 22, 2008, Purity has made "little, if any, effort to prosecute the case."  Purolite asserts that Purity has served only five of the nine original defendants, none of those defendants has answered or filed a responsive pleading, and Purity has not filed any motions for default judgment.  This case was filed on July 22, 2008.  Defendant filed the instant motion on August 14, and the case has not progressed beyond that point.

"As the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention."  *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000).

*e. fifth factor – extent federal law provides the rules of decision on the merits*

"The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances."  *Evanston*, 844 F.2d at 1193 (quoting *Moses H. Cone*, 460 U.S. at 26).  This case involves only issues of state law as it is being heard by the court under its diversity jurisdiction.  Nonetheless, Purity has failed to show that "rare circumstances" exist and thus this factor is "at most neutral."  *Stewart*, 438 F.3 at 493.

*f. sixth factor – adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction*

Adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction "can only be 'a neutral factor or one that weighs against, not for, abstention.'"  *Murphy*, 168 F.3d at 739 (quoting *Evanston*, 844 F.2d at 1193).  Purity argues that the Alabama proceedings

can adequately protect Purolite's rights because that court can completely and promptly resolve all

of the issues between Purity and Purolite in this action.  Purolite argues that the Alabama action

would not provide an adequate vehicle for adjudicating its claims against Purity Water because "the

claims and defenses made against and by the additional nine parties in the Alabama State Court

Action who had contracted with Purity Water are logically and legally separate and distinct from

Purity Water's breach of its contract with Purolite."  Purolite continues, "Although the jury in the

Alabama State Court Action could ultimately decide Purolite's breach of contract claim against

Purity Water, the additional parties and issues result in a complexity not found in the Texas Action."

The Court agrees with Purity that the Alabama court can adequately adjudicate the issues and protect

Purolite's rights; the fact that the jury will be faced with a more complex litigation does not render

the Alabama action inadequate.  Thus, this factor is neutral.  *Black Sea*, 204 F.3d at 651.

    *g.  balance of factors weighs against a stay*

    The Court has found that two factors (the first and fourth factors) weigh against a stay, while

three factors (the second, fifth, and sixth factors) are neutral.  Only the third factor weighs in favor

of a stay.  Under these circumstances, a stay is not permitted.  *See Transocean Offshore USA, Inc.*

*v. Catrette*, 239 Fed. Appx. 9 (5th Cir. 2007) (citing *Stewart*, 438 F.3d at 493 (finding district court

abused its discretion in staying federal litigation when avoidance of piecemeal litigation was only

factor weighing in favor of abstention)).[6]

---

[6] In addition, the Supreme Court has noted that the position taken by some courts – that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River* – has "considerable merit." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 17 n.20 (1983).  It appears that Purity added Purolite as a defendant to the Alabama action as a purely reactive maneuver.  This consideration also weighs against a stay.

**Conclusion**

For the reasons stated herein, "Defendant Purity Water Company of San Antonio Inc.'s Motion to Dismiss Without Prejudice or, In the Alternative, Motion to Stay Proceedings" (docket no. 10) is DENIED in all respects.

It is so ORDERED.

SIGNED this 22nd day of September, 2008.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

11