UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRO-TECH CORPORATION, § | |
| d/b/a THE PUROLITE COMPANY § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:08-CV-00594-XR |
| § | |
| PURITY WATER COMPANY OF § | |
| SAN ANTONIO, INC., § | |
| § | |
| Defendants. § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO EXTEND DISCOVERY TO CONDUCT ADDITIONAL DEPOSITIONS

Bro-Tech Corporation, d/b/a The Purolite Company ("Purolite") responds to Purity Water Company of San Antonio, Inc.'s ("Purity Water") Motion to extend the discovery deadline (Docket No. 52).

## I.    Preliminary Statement

Despite having nearly eight months to conduct discovery,[1] Purity Water now seeks to extend the discovery deadline for an additional month in order to depose four individuals. Purity Water fails to explain why it could not have deposed those individuals during the discovery period. As to three of those individuals, there is no evidence that it even tried to do so. As to the fourth individual, Purity Water repeatedly attempted to notice the deposition and then withdraw the notice. Beyond stating that it intends to use "additional methods," Purity Water fails to even hypothesize how it will locate and depose these four individuals when it was apparently unable

---

[1] The parties conducted their Rule 26(f) conference on October 9, 2008.  *See* Docket No. 22.

to do so for the past eight months. Purity Water's absence of diligence or justification supports denial of its motion.

## II.     Background

### A.     The Instant Action

This matter is a simple collection suit, pursuant to which Purolite is attempting to recover the sum of $230,611, representing the agreed-upon price of its resin, PD-206, that it sold and shipped to and for Purity Water in July of 2007, and is also seeking interest accruing at the rate of 1 and 1/2 percent per month on the unpaid balance, as is set forth on Purolite's invoices to Purity Water; together with attorneys' fees and costs under Texas law.

As is set forth in Purolite's Motion for Summary Judgment with respect to Purity Water's Counterclaim (Docket No. 48), Purity Water has admitted not only the ordering and receipt of the Purolite resin which alone trigger Purity Water's obligation to Purolite, but also that the Purolite product worked, as manifested by Purity Water's admissions that (a) the biodiesel fuel dewatered with the use of Purolite's PD-206 sold, and for the sum in excess of $5.6 million; (b) Purity Water and its Dunhill Alabama business partners used the PD-206 to dewater other biodiesel fuel at the Vopak, Houston, Texas terminal <u>after</u> the dewatering of the biodiesel fuel in Alabama; (c) Purity Water and its business partners sought to use additional PD-206 for yet another dewatering of biodiesel fuel, subsequent to the Dunhill Terminal and Vopak projects; and (d) Purity Water made repeated representations that it would pay Purolite on receipt of monies Purity Water claimed due and owing to it from its business partners. Thus, there are no facts by deposition or otherwise which can undercut either Purity Water's obligation to Purolite or Purity Water's sworn testimony evidencing that Purolite is entitled to entry of a summary judgment with respect to Purity Water's Counterclaim.

This action was filed by Purolite against Purity Water on July 22, 2008. By its December 3, 2008 Scheduling Order, the Court long ago set the discovery deadline at May 26, 2009. In the face of the discovery deadline of May 26, Purity Water waited until May 22 before filing a Motion to extend the discovery deadline in this case for the purpose of taking additional depositions.[2]

### B.  The Alabama Litigation

Purity Water recites that it has filed a lawsuit in Mobile County, Alabama, "against the parties that contracted Purity Water to work on the biodiesel project," which lawsuit Purity Water amended, the day after Purolite filed the above referenced action, to include Purolite as a defendant. The Alabama Complaint and Amended Complaint generally aver that Purolite contracted with certain defendants, and that Purity Water performed all of its obligations to each of those defendants,[3] but that those defendants have failed and refused to pay Purity Water. *See* Purity Water's Alabama Amended Complaint, attached as Exhibit B.

### C.  Gossamer Bases for the Motion

In its Motion, Purity Water generally avers that there are four individuals whose testimony is "necessary" to Purity Water's claims and defenses: Glenn Vanderlinden, Doug Vanderlinden, Jason Gehrig, and Ramesh Ganesan. Purity Water never avers why the testimony is "necessary" beyond stating that they are "witnesses to the events making the basis for this lawsuit." Motion ¶ 4. Were the testimony truly "necessary," one would rightfully expect that any motion akin to the instant application would per force be accompanied by a declaration,

---

[2] Purity Water has not wasted the entire discovery period; it has scheduled and taken various depositions. Purolite denies that any of those deposition support Purity Water's claims and defenses in this action. To the contrary, Purity Water's failure to submit even a single page or line of testimony, or recite any such testimony from notes, or even recollection, discloses the absence of any merit to Purity Water's contention that the discovery taken to date helps its position. Purolite's counsel so informed Purity Water. *See* Letter of May 22, 2009, attached as Exhibit A.

[3] Since the obligations included the provision by Purity Water of Purolite's PD-206 to dewater the biodiesel fuel it would appear that Purity Water contends that the resin did work.

delineating with precision that to which Purity Water contends each missing witness would testify, thus evidencing the "necessity" of such testimony. Yet, not only is there no declaration, but also there is no statement of expected testimony or any real explanation as to why the individuals could not have been deposed during the discovery period.

It may well be that both Vanderlindens, and Mr. Gehrig, and Mr. Ganesan are witnesses who could provide useful information to Purity Water in its quest for payment against the defendants it has originally sued in Alabama. However, and as readily admitted in sworn testimony by Purity Water's Chief Operating Officer Wesley Carrera, none can have relevant testimony with respect to Purolite's collection Complaint against Purity Water or Purity Water's Counterclaim, in view of Purity Water's admissions that the product was ordered by and for it, the product removed the water from the biodiesel fuel, as evidenced by the sale of the fuel, the subsequent use of Purolite's product to dewater other biodiesel fuel, and Purity Water's subsequent efforts to acquire even more of the Purolite's resin to dewater additional biodiesel fuel; and that Purity Water would pay Purolite on receipt of monies from its business partners.

### III.  Argument

This action should not be derailed in order for Purity Water to attempt to obtain discovery from the Vanderlindens, Gehrig, and Ganesan.[4] Extension of discovery deadlines, such as the one the Court set in this matter, may be extended only upon a showing of good cause. Fed. R. Civ. P. 6(b) & 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting

---

[4]To the extent that the listed witnesses may be able to provide testimony that is relevant to the Alabama action, Purity Water is free to seek to obtain their testimony in that action. As a result, requiring no more than that Purity Water be bound by the discovery deadline long set in this case does not impede Purity Water's ability or right to seek to depose others in the Alabama litigation it brought against them.

*S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  Purity Water has failed to provide any predicate which can excuse or explain its failure to timely depose these gentlemen:

  A. **Jason Gehrig**.  Purolite has not been provided with any subpoena or deposition notice for Jason Gehrig in either the Texas or the Alabama litigation.  Purity Water filed its Alabama state court complaint in Mobile, Alabama, on February 22, 2008.  It served defendant Vertex Energy, LP through Jason Gehrig, at Ste. 180-184, 2323 Clear Lake Blvd., Houston, TX 77602, on March 3, 2008 and served its amended complaint upon Vertex Energy, LP through Jason Gehrig on July 23, 2008.  It has known that Jason Gehrig was its business partner since early 2007.  In addition, Purity Water has communicated directly with Jason Gehrig by email at renascentenergy.com.  Exhibit C (Exhibits from the Deposition of Wes Carrera) at Ex. P-10, P-22, P-24.  Renascent Energy, LLC was sued by Purity Water and served with the original and amended complaints.  According to Purity Water's instant motion, Purity Water communicated with Renascent Energy's counsel.  Other than leaving him phone messages and sending him certified mail, Purity Water has apparently failed to take serious steps to locate or serve Mr. Gehrig.  Nor has Purity Water suggested what new steps it will undertake so that it will be able to depose Mr. Gehrig by June 26.

  B. **Doug Vanderlinden.**  Purolite has not been provided with any subpoena or deposition notice for Doug Vanderlinden in either the Texas or the Alabama litigation.  Purity Water served its original Alabama complaint and amended complaint upon V-Quip, Inc. through Doug Vanderlinden in February of 2008.  Purity Water has known since 2007 that Doug Vanderlinden's email address was at vquip.com.  Exhibit C (Exhibits from the Deposition of Wes Carrera) at Ex. P-10, P-16, P-24, P-25.  Purity Water also sent each of its invoices for the Dunhill

Terminal project to Doug Vanderlinden at Optimira Energy, Inc., in New York City. Exhibit C (Exhibits from the Deposition of Wes Carrera) at Ex. P-8.

Once again, despite claiming that it "worked to locate Doug Vanderlinden and has not been able to do so," Purity Water has failed to provide any evidence whatsoever that it has done anything to attempt to locate Doug Vanderlinden, nor has Purity Water suggested how it will take the deposition by June 26.

    C. **Glenn Vanderlinden.** Purolite has not received a deposition notice or subpoena for the deposition of Glenn Vanderlinden in either the Alabama or Texas litigation. Purity Water served its original and amended Alabama complaint in February and July of 2008 upon Edgewater Systems. Purity Water has known since 2007 that Glenn Vanderlinden had an e-mail address at edgewaterind.com. Exhibit C (Exhibits from the Deposition of Wes Carrera) at Ex. P-13, P-14, P-16. Purity Water alleges that during the discovery period it "worked to locate Glenn Vanderlinden . . . and has not been able to do so" but Purity Water has produced no evidence of its efforts to depose Glenn Vanderlinden. Purity Water has not suggested how it will be able to depose Mr. Vanderlinden by June 26.

    D. **Ramesh Ganesan**. Mr. Ganesan was Purolite's salesman through whom Purity Water ordered the PD-206. As is set forth in Purolite's letter response of May 21, 2009 to Purity Water's request for an extension, attached as Exhibit D, since the beginning of this year, Purolite has advised Purity Water on multiple occasions in both the Alabama and Texas litigations that Mr. Ganesan has been and remains in India so that Purity Water should depose him by video conference, or by any of the other options suggested to Purity Water. Purity Water chose none. Moreover, in view of Purity Water's admissions as set forth, supra, Mr. Ganesan's testimony is inapposite to Purolite's Complaint and Purity Water's Counterclaim.

6

Purity Water generally avers, without any specification, that Purolite's corporate representative, Jacob Brodie, did not know certain facts pertinent to this matter. That general statement is preposterous with respect to Purolite's Complaint against Purity Water and Purity Water's Counterclaim, as was delineated by Purolite to Purity Water's counsel by letter dated May 20, 2009, a copy of which is attached as Exhibit E. Perhaps that explains why Purity Water has not identified any question asked of Mr. Brodie or answer that he gave by deposition page and line, or otherwise, that Mr. Brodie was unable to answer but which is relevant to Purolite's Complaint or Purity Water's Counterclaim.[5]

### III.    Conclusion and Prayer

Purity Water has failed to show good cause to extend the discovery deadline. Purity Water does not explain why the discovery it seeks could not have been taken during the discovery period, fails to explain how the requested discovery will help the trier of fact resolve this case, and fails to explain how it expects to take the discovery during the requested extension. Lacking good grounds for its Motion, the motion should be denied.

WHEREFORE, Purolite respectfully prays that this Honorable Court deny Purity Water's request for an additional 30 days within which to take the depositions of the Vanderlindens, Mr. Gehrig, and Mr. Ganesan.

---

[5] Purity Water delineates only three general areas of testimony that it seeks from Mr. Ganesan: (1) the representations made regarding the PD-206; (2) Purolite's involvement and communications with the parties to the Dunhill project; and (3) the negotiations regarding the resin. Motion ¶ 8. Purolite claims that Purity Water ordered and received PD-206 but did not pay for it. Purity Water claims that the PD-206 was defective. The parties' representations, communications, and negotiations are simply irrelevant to the issues at hand.

        Respectfully submitted,

        Bruce L. Thall, Esquire
        SPECTOR GADON & ROSEN, PC
        1635 Market Street, 7th Floor
        Philadelphia, PA  19103
        215-241-8888
        215-241-8844 (fax)


        COX SMITH MATTHEWS INCORPORATED
        112 E. Pecan Street, Suite 1800
        San Antonio, TX 78205
        210-554-5294/210-226-8395 FAX

         */s/ Leslie Sara Hyman*_____
        Leslie Sara Hyman
        State Bar No. 00798274
        lshyman@coxsmith.com

        *Attorneys for Plaintiff*

## Certificate of Service

    I certify that on the 27th day of May 2009, I served Plaintiff's Response to Defendant's Motion to Extend Discovery to Conduct Additional Depositions via the Court's CM/ECF system, which will serve copies to the following counsel of record:

R. Douglas Campbell
Lawrence L. Garcia & Associates, P.C.
257 E. Hildebrand
San Antonio, Texas 78205
dcampbell@sajustice.com

Harry V. Satterwhite
Deena Renee Tyler
Satterwhite & Erwin, L.L.C.
1203 Dauphin Street
P.O. Box 1308
Mobile, AL 36633-1308
Harry@satterwhite-erwin.com
Deena@satterwhite-erwin.com

                                                                 */s/ Leslie Sara Hyman*
                                                                 Leslie Sara Hyman